1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2      Including Professional Corporations
   SAMANTHA D. HARDY, Cal. Bar No. 199125
3  HALI M. ANDERSON, Cal. Bar No. 261816
   ASHLEY T. HIRANO, Cal. Bar No. 265282
4  DANIEL F. DE LA CRUZ, Cal. Bar No. 292537
   501 West Broadway, 19th Floor
5  San Diego, California 92101-3598
   Telephone:  619-338-6500
6  Facsimile:   619-234-3815
   shardy@sheppardmullin.com
7  handerson@sheppardmullin.com
   ahirano@sheppardmullin.com
8  ddelacruz@sheppardmullin.com

9  Attorneys for Defendants FRITO-LAY, INC.; FL
   TRANSPORTATION, INC.; and PEPSICO,
10 INC.

11

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15 DANIEL ACOSTA, GREG FRYE, JOSE HERNANDEZ, DENNIS EASLEY, and ORLANDO CASTILLO, | Case No. |
| 16 | (Superior Court Case No. CGC-15-544370) |
| 17 Plaintiffs, | |
| 18 v. | **DECLARATION OF DANIEL F. DE LA CRUZ** |
| 19 FRITO-LAY, INC.; FL TRANSPORTATION, INC.; PEPSICO, INC.; and DOES 1-100, inclusive, | Jurisdiction under the Class Action Fairness Act of 2005 |
| 20 | Complaint Filed:      February 25, 2015 |
| 21 Defendants. | |

22

23

24

25

26

27

28

## DECLARATION OF DANIEL F. DE LA CRUZ

I, Daniel F. De La Cruz, hereby declare and state:

1.      I am an attorney licensed to practice law in the State of California and in the Northern District of California, and am an associate with the law firm Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Frito-Lay, Inc.; FL Transportation Inc.; and PepsiCo, Inc. ("Defendants"). I have personal knowledge of the matters set forth herein and I could and would testify competently thereto, if called upon to do so.

2.      On or about February 25, 2015, Plaintiffs Daniel Acosta, Greg Frye, Jose Hernandez, Dennis Easley, and Orlando Castillo ("Plaintiffs") filed a lawsuit in San Francisco County Superior Court entitled *Acosta v. Frito-Lay, Inc., et al.* (San Francisco County Superior Court Case Number CGC-15-544370) (hereinafter the "State Court Action"). On or about March 5, 2015, Plaintiffs filed a First Amended Complaint ("FAC"). On or about April 9, 2015, Plaintiffs served a copy of the FAC on Defendants.  On or about May 8, 2015, Defendants answered Plaintiffs' FAC in State Court. Attached as Exhibit "A" is a true and correct copy of Plaintiffs' FAC. Attached as Exhibit "B" is a true and correct copy of Defendants' Answer to Plaintiffs' FAC. Exhibits A and B constitute all process, pleadings, and orders served on Frito-Lay in accordance with 28 U.S.C. § 1446, and no other proceedings have been held in this action.

3.      As of the date of filing this removal, it has been less than thirty (30) days since Defendants received service of process.

4.      Defendants will promptly provide notice to Plaintiffs, their counsel, and the clerk of the San Francisco County Superior Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SMRH:437136872.2                                          DECLARATION OF DANIEL F. DE LA CRUZ

1

2    Executed May 11, 2015, at San Diego, California.

3

4                                    /s/ *Daniel F. De La Cruz*
                                    DANIEL F. DE LA CRUZ
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
04/09/2015
CT Log Number 526912829

TO: Erika Greenberg
PepsiCo, Inc.
700 Anderson Hill Rd
Purchase, NY 10577-1444

RE: **Process Served in California**

FOR: FL Transportation, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Daniel Acosta, et al., Pltfs. vs. Frito-Lay, Inc., et al. including FL Transportation, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summonses, Complaint, Cover Sheet, Instructions, Notice, Attachment(s), Stipulations, Statement |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA<br>Case # CGC15544370 |
| **NATURE OF ACTION:** | Employee Litigation - Violation of California Labor Code Section 226.7 - Failure to pay minimum wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/09/2015 at 14:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Daniel M. Kopfman<br>Wagner, Jones, Kopfman & Artenian LLP<br>1111 E. Herndon<br>Ste. 317<br>Frenso, CA 93720<br>559-449-1800 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/10/2015, Expected Purge Date: 04/15/2015<br>Image SOP<br>Email Notification, Bill Howard Bill.j.howard@fritolay.com<br>Email Notification, Pepsop Intakeparalegal PEPSOPintakeparalegal@pepsico.com<br>Email Notification, Erika Greenberg Erika.greenberg@pepsico.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / NB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

4/9/15 @ 2:58

1ST Amended

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:** FRITO-LAY, INC.; FL TRANSPORTATION,
*(AVISO AL DEMANDADO):* INC.; PEPSICO, INC.; AND does 1-100,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** DANIEL ACOSTA, GREG
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* FRYE, JOSE
HERNANDEZ, DENNIS EASLEY and ORLANDO CASTILLO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

SUPERIOR COURT
400 McAllister St.

SAN FRANCISCO, CA 94102

**CASE NUMBER:**
*(Número del Caso):*
CGC-15-544370

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel M. Kopfman 192191      559/449-1800      559/449-0749
WAGNER, JONES, KOPFMAN & ARTENIAN LLP
1111 E. Herndon, Ste. 317
Fresno, CA 93720

MAR 2 5 2015      CLERK OF THE COURT

DATE:                                              Clerk, by _____, Deputy
*(Fecha)*                                          *(Secretario)*                    *(Adjunto)* clerc

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): FL Transportation, Inc
   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Legal
Solutions
Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

*1ST Amended*

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** FRITO-LAY, INC.; FL TRANSPORTATION,
*(AVISO AL DEMANDADO):* INC.; PEPSICO, INC.; AND does 1-100,
inclusive

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:** DANIEL ACOSTA, GREG
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* FRYE, JOSE
HERNANDEZ, DENNIS EASLEY and ORLANDO CASTILLO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):*
CGC-15-544370

SUPERIOR COURT
400 McAllister St.

SAN FRANCISCO, CA  94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel M. Kopfman 192191         559/449-1800    559/449-0749
WAGNER, JONES, KOPFMAN & ARTENIAN LLP
1111 E. Herndon, Ste. 317
Fresno, CA  93720            MAR 25 2015     CLERK OF THE COURT

**DATE:**
*(Fecha)*                         Clerk, by _____, Deputy
                                  *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* FL Transportation, Inc

under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

*Legal Solutions Plus*

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

1  **WAGNER, JONES, KOPFMAN,**
   **& ARTENIAN LLP**
2  Nicholas J.P. Wagner #109455
   Andrew B. Jones #076915
3  Daniel M. Kopfman #192191
   Lawrence M. Artenian #103367
4  Angela E. Martinez #297169
   1111 E. Herndon, Ste. 317
5  Fresno, CA 93720
   559/449-1800
6  559/449-0749 Fax

7  Attorneys for Plaintiffs, DANIEL ACOSTA, GREG FRYE, JOSE HERNANDEZ, DENNIS
   EASLEY, ORLANDO CASTILLO
8

9

10              SUPERIOR COURT OF CALIFORNIA

11              COUNTY OF SAN FRANCISCO

12

13  DANIEL ACOSTA, GREG FRYE, JOSE      Case No.: CGC-15-544370
    HERNANDEZ, DENNIS EASLEY, and
    ORLANDO CASTILLO,                   CLASS ACTION
14
              Plaintiffs,               **FIRST AMENDED** COMPLAINT FOR
15                                       DAMAGES AND EQUITABLE RELIEF
          vs.
16                                       1.   VIOLATION OF LABOR CODE
    FRITO-LAY, INC.; **FL** TRANSPORTATION  SECTIONS 226.7 AND 512 AND SECTION
    INC.; PEPSICO, INC.; and DOES 1-100,  11 OF THE INDUSTRIAL WELFARE
17  inclusive,                           COMMISSION WAGE ORDERS.
18            Defendants.                2.   VIOLATION OF LABOR CODE
19                                       SECTIONS 226.7 AND SECTION 12 OF
                                         THE INDUSTRIAL WELFARE
20                                       COMMISSION WAGE ORDERS.
21                                       3.   FAILURE TO PAY MINIMUM
                                         WAGE.
22
                                         4.   VIOLATION OF LABOR CODE 203.
23
                                         5.   VIOLATION OF LABOR CODE 226.
24
                                         6.   VIOLATION OF BUSINESS AND
25                                       PROFESSIONS CODE 17200 ET SEQ.
26
27                                       **DEMAND FOR JURY TRIAL**
28

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**MAR 05 2015**
Clerk of the Court
BY: MICHAEL RAYRAY
                    Deputy Clerk

                                              Page 1

# I

**GENERAL ALLEGATIONS COMMON TO EACH CAUSE OF ACTION**

Representative Plaintiffs, DANIEL ACOSTA, GREG FRYE, JOSE HERNANDEZ, DENNIS EASLEY, and ORLANDO CASTILLO, bring this challenge to Defendants lucrative, repressive and unlawful business practices on behalf of themselves and on behalf of all other members of the general public similarly situated, and hereby allege and state as follows:

1. This is a class action brought against Defendants, and each of them, on behalf of a collective class of all persons employed by Defendants, and each of them, in the position of truck driver in the State of California (or persons with the equivalent position however titled) who were not provided meal and rest periods, who were not paid wages pursuant to California law prior and subsequent to the date this action was filed.

2. This action alleges that Defendants, and each of them: (1) improperly and in violation of California state law failed to pay wages and penalties due and owing to its truck drivers in violation of California Labor Code sections 201, 202, 203, 226.7, and 512, and sections 4, 11, and 12 of California Industrial Welfare Commission Order No. 9; and, (2) violated California Business and Professions Code 17200, et. seq., all in conscious disregard of the Plaintiffs' and the Class members' rights.

3. This action seeks relief for the unremedied violations of California law including, inter alia:

(a) damages and/or restitution, as appropriate, to Plaintiffs and Class Members, who have not been paid wages as required by California law, and/or whose records of hours worked have not been maintained or furnished, have been inaccurately maintained or have been altered or destroyed, including exemplary damage where and if appropriate;

(b) an order requiring disgorgement from Defendants, and each of them, of all monies wrongfully withheld, including interest, as a result of the practices alleged herein;

(c) implementation of other equitable and injunctive relief, including inter

alia, an injunction prohibiting Defendants, and each of them, from (1) failing to pay wages to truck drivers as required under California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, and subsections 4, 11 and 12 of Industrial Welfare Commission Order No. 9;

(d) interest;

(e) attorney fees and costs as provided by statute and/or applicable case law including, but not limited to, California Labor Code sections 218.5 and 1194;

(f) such other relief as the court deems just and proper.

4. This class-action lawsuit for damages and equitable relief is founded exclusively upon California state law including, but not limited to, violations of provisions of the California Labor Code, Industrial Welfare Commission Order No. 9, and the California Business and Professions Code.

5. Venue is proper in San Francisco County because Defendants own and operate business facilities in San Francisco County, and other counties in the State of California, where Defendants, and each of them, engage Plaintiffs and Class Members to work driving trucks, control their wages, hours and working conditions, and suffer or permit them to work as truck drivers. Defendants, and each of them, have failed to pay Plaintiffs and Class Members wages all in violation of California law. Plaintiffs and Class Members have suffered damages, and will continue to suffer damages, in San Francisco County and other counties throughout California as a result of Defendants, and each of their wrongful conduct unless the relief requested herein is granted.

6. Defendants, and each of them, at all relevant times herein are businesses, limited liability companies, partnerships, joint ventures, or corporations duly organized and existing as entities under and by virtue of law, authorized to do and doing business in the County of San Francisco, and the State of California.

7. Plaintiffs and Class Members were and are employed by Defendants, and each of

them, as truck drivers (or the equivalent) by Defendants, and each of them, and work in San Francisco County, and various other counties in the State of California.

8. Plaintiff, DANIEL ACOSTA, is a citizen of the State of California, resident of Stanislaus County, California. Plaintiff, DANIEL ACOSTA, has been employed by Defendants, and each of them, as a truck driver from approximately April 1996 to January 31, 2014. He brings this action in his individual capacity on behalf of himself, and on behalf of all other truck drivers similarly situated pursuant to California Code of Civil Procedure section 382, California Business and Professions Code 17200 et. seq.

9. Plaintiff, GREG FRYE, is a citizen of the State of California and a resident of Stanislaus County, California. Plaintiff, GREG FRYE, has been employed by Defendants, and each of them, as a truck driver from approximately April 1999 to the present. He brings this action in his individual capacity on behalf of himself, and on behalf of all other truck drivers similarly situated pursuant to California Code of Civil Procedure section 382 and California Business and Professions Code 17200 et. seq.

10. Plaintiff, JOSE HERNANDEZ is a citizen of the State of California and a resident of Stanislaus County, California and has been employed by Defendants, and each of them, as an truck driver from approximately April 13, 2011 to the present. He brings this action in his individual capacity on behalf of himself, and on behalf of all other truck drivers similarly situated pursuant to California Code of Civil Procedure section 382 and California Business and Professions Code 17200 et. seq.

11. Plaintiff, DENNIS EASLEY, is a citizen of the State of California and a resident of Stanislaus County, California and has been employed by Defendants, and each of them, as a truck driver from approximately May 30, 1991 to January 31, 20145. He brings this action in his

individual capacity on behalf of himself, and on behalf of all other truck drivers similarly situated pursuant to California Code of Civil Procedure section 382 and California Business and Professions Code 17200 et. seq.

12. Plaintiff, ORLANDO CASTILLO, is a citizen of the State of California and a resident of Stanislaus County, California and has been employed by Defendants, and each of them, as a truck driver from approximately May 21, 2001 to the present. He brings this action in his individual capacity on behalf of himself, and on behalf of all other truck drivers similarly situated pursuant to California Code of Civil Procedure section 382 and California Business and Professions Code 17200 et. seq.

13. Plaintiffs are informed and believe and thereupon allege that Defendants, and each of them, are at all time relevant hereto, persons, residing in the County of San Francisco, State of California. Plaintiffs are further informed and believe and thereupon allege that at all relevant times herein such DOE 1-20 Defendants, were managing agents of Defendants, and each of them, with policy making authority to set wages, hire, fire, discipline employees, and with supervisory control over Plaintiffs and Class members.

16. The true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs, who therefore sues such Defendants by their fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiffs are informed and believe that each of Doe Defendants are liable to Plaintiffs under the same theories and causes of action as set forth in this complaint. Plaintiffs are informed and believe and thereon allege that the DOE Defendants are California residents. Plaintiffs will amend this complaint to show such true names and capacities when the same have been ascertained.

Page 5

17. Plaintiffs are informed and believe and thereon allege that each of the Defendants identified herein was at all times relevant hereto the agent, employee, servant, representative or alter ego of the remaining Defendants, and was acting, at least in part, within the course and scope of such relationship.

18. At all times mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuit of, said joint venture, partnership and common enterprise. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants and proximately caused the damages as alleged herein.

19. Defendants, and each of them, through their agents and employees (not including the Plaintiffs or Class Members, established and carried out a policy which violated California Labor Code sections 201, 202, 203, 226, 226.7 512, and Subsections 11, and 12 of Industrial Welfare Commission Order No. 9 in that Plaintiffs and Class Members were not paid wages according to California law.

20. Plaintiffs and Class Members are employed by Defendants, and each of them, as truck drivers. Defendants require Plaintiffs and Class Members to carry company issued cell phones and or radios at all times. Defendants issue route assignments instructing Plaintiffs and Class Members where and when to report to work each day. Defendants pay Plaintiffs and Class Members a piece rate based on activities such as mileage, number of cases, etc.according to predetermined rates. When Plaintiffs and Class Members report to work as directed by Defendants, and each of them, they frequently are required to wait, sometimes for two hours or

more, for their loads to be ready. Defendants do not compensate Plaintiffs or Class Members for the time spent waiting for loads to be dispatched. Furthermore, Defendants, and each of them, do not compensate Plaintiffs for time spent performing necessary job duties, including but not limited to, pre-trip inspections on the tractor and trailer, post trip inspections on the tractor and trailer, fueling the tractor, washing the tractor and trailer, filling out mandatory paperwork including, but not limited to hours of service logs and daily vehicle inspection reports.

22. Defendants, and each of them, do not provide Plaintiffs and Class Members with off-duty meal periods or rest periods required by law. Defendants schedule the Plaintiffs work days, including where to report, when to show up, what loads to deliver, routes to follows, and delivery times. Defendants do not schedule a time where Plaintiffs and Class Members are provided an off-duty meal break or rest break.

23. As a result of the actions of Defendants, and each of them, Plaintiffs and Class Members have suffered damages, including, but not limited to, unreimbursed business expenses, lost pay, wages, benefits, vacation pay, and interest.

24. These violations of law were committed knowingly and willfully by Defendants, and each of them, with full knowledge of the required laws cited herein.

25. The actions of Defendants, and each of them, were therefore fraudulent, malicious, and oppressive and as such Plaintiffs and Class Members are entitled to an award of punitive damages by way of example and deterrence.

26. The duties and responsibilities of Plaintiffs and Class Members are virtually identical from region to region, area to area, store to store and employee to employee within the State of California. Further, any variation in job activities between the different individuals are legally insignificant to the issues presented by this action since the central facts remain, to wit, Plaintiffs

and Class Members performed work for which they have never been paid the wages earned as required by California law.

27. Some of the Class Members were involuntarily discharged by Defendants, constructively terminated or voluntarily terminated their employment, and did not receive all pay due and owing at the time their employment with Defendants, and each of them, was terminated. Defendants, in violation of California Labor Code sections 203 had a consistent uniform policy, practice and procedure of willfully failing to pay the earned wages of all such former employees.

28. The Defendants willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, hours worked, meal time, break time, and timely payment of accrued vacation on termination of employment. Plaintiffs and Class Members did not secret or absent themselves from Defendants nor did they refuse to accept the earned but unpaid wages from Defendants.  Accordingly, Defendants are liable for waiting time penalties for the unpaid wages pursuant to California Labor Code sections 201, 202, and 203.

II

CLASS ACTION ALLEGATIONS

29. This complaint is brought by Representative Plaintiffs, DANIEL ACOSTA, GREG FRYE, JOSE HERNANDEZ, DENNIS EASLEY, ORLANDO CASTILLO, pursuant to California Code of Civil Procedure section 382 on behalf of the Class.  All claims alleged herein arise exclusively under California law for which Representative Plaintiffs seek the relief authorized under California law.  The class is comprised of, and defined as, all current and former California-based, truck drivers or persons in an equivalent position or performing equivalent job duties however titled, who worked and/or are working for Defendants, and each of them, within four years prior to the filing of the original Complaint in this action up to and

including the resolution of this action, yet were not paid wages or not reimbursed for business expenses in violation of California Labor Code sections 201, 202, 203, 226.7, 512, 2802 and subsections 11, and 12 of the applicable Industrial Welfare Commission Orders.

30. The Class Members are so numerous that joinder of all members would be impractical, if not impossible. The identity of each Class Member is readily ascertainable by review of Defendant's own business records, including but not limited to, records required by subsection 7 of Industrial Welfare Commission Order No. 9 and California Labor Code sections 1174. Further, the subject matter of this action both as to factual matters and as to matters of law, is such that there are questions of law and fact common to the Class which predominate over questions affecting only individual members.

31. The California Labor Code and Industrial Welfare Commission Wage Order provisions upon which Representative Plaintiffs base their claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Representative Plaintiff and the Class make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.

32. Further, this case involves a large corporate employer/s and a large number of individual employees with many relatively small claims. If each employee were required to file an individual lawsuit, the corporate Defendants, and each of them, would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited

resources of each individual Plaintiff and Class member with its vastly superior financial and legal resources. Requiring each member of the Class to pursue an individual remedy and would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at their current or subsequent employment.

33.   The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (1) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (2) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

34.  Such a pattern, practice and uniform administration of corporate policy regarding employee compensation as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the Class, in a civil action, for the unpaid balance of the full amount of the pay, including interest thereon, waiting time penalties, reasonable attorney's fees and costs of suit according to the mandates of California Labor Code sections, including, but not limited to, 218.5, 218.6, 1194, 1194.2 and 1197.1.

35.  Proof of a common business practice or pattern, of which the named Plaintiffs experienced are representative and will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

36. The Class is entitled in common to a specific fund with respect to the wages illegally and unfairly retained by Defendants. The Class is entitled in common to restitution and disgorgement of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

37. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions that may affect individual Class Members, including the following:

(a) whether truck drivers received pay due and owing pursuant to California Labor Code sections 201, 202, 203, 226.7, 512, and subsections 11 and 12 of Industrial Welfare Commission Order No. 9;

(b) whether Defendants implemented and engaged in a systematic business practice of failing to pay truck drivers wages according to California law for all hours worked;

(c) whether upon recognizing its legal obligation to reimburse business expenses and to pay wages pursuant to California law to Class Members, Defendants made all payments actually due;

(d) whether Defendants failed to keep, maintain or furnish accurate records of the actual hours worked by each Driver as required by California Labor Code 226 and 1174 as well as subsection 7 of Industrial Welfare Commission Order No. 9;

(e) whether Defendants failed to maintain any other records and/or other evidence relevant to the claims asserted in this litigation;

(f) whether Defendants willfully failed to pay all wages due and owing to all Drivers whose employment with Dependants was terminated;

(g) whether the systematic acts and practices of Defendants, and each of them, as alleged herein violated, inter alia, California Labor Code sections 201, 202, 203, 226.7, 512, 2802 sections 7, 11, and 12, of Industrial Welfare Commission Wage Order No. 9, and California Business and Professions Code sections 17200, et seq.

39. Because the Representative Plaintiffs and Class Members in the position of truck driver routinely worked more than four hours without breaks and/or more than five hours without a lunch period as required by California Labor Code section 512 and subsections 11 and 12 of

1    the applicable Industrial Welfare Commission Orders and based upon the uniform duties and

2    responsibilities required by Defendants, and each of them, and its uniform pay scheme for such

3    employees, the Representative Plaintiffs' claims are typical of the claims of the entire Class.

4         40.  The Representative Plaintiffs will fairly and adequately represent and protect the

5    interests of the Class in that they have no disabling conflicts of interest that would be

6    antagonistic to the other Class Members.  The Representative Plaintiffs have retained counsel

7    who is competent in the prosecution of class action litigation..

8         41.  The Representative Plaintiffs Class Members have all similarly suffered irreparable

9    harm and damages as a result of Defendants, and each of their, unlawful and wrongful conduct.

10   Defendants' systematic failure to retain accurate records of hours worked by each "Driver" as

11   required by law makes Class treatment especially appropriate.  This action will provide

12   substantial benefits to both the Class and the public since, absent this action, Defendants'

13   unlawful conduct will continue unremedied and uncorrected.

**FIRST CAUSE OF ACTION**
**(Violation of California Labor Code section 512 and section 11 of the applicable Industrial Welfare Commission Wage Order.)**
**(Against All Defendants)**

17        42.  Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through

18   41 of this Complaint as if fully set forth herein.

19        43.  California Labor Code sections 512(a) provide as follows:

20        (a) An employer may not employ an employee for a work period of more
          than five hours per day without providing the employee with a meal period
21        of not less than 30 minutes, except that if the total work period per day of
          the employee is no more than six hours, the meal period may be waived by
22        mutual consent of both the employer and employee.  An employer may
          not employ an employee for a work period of more than 10 hours per day
23        without providing the employee with a second meal period of not less than
          30 minutes.  Except that if the total hours worked is no more than 12
24        hours, the second meal period may be waived by mutual consent of the
          employer and the employee only if the first meal period was not waived.

25        44.  Section 11 of Industrial Welfare Commission Wage Order No. 9 provides as follows:

26        "(A) No employer shall employ any person for a work period of more than
27        five (5) hours without a meal period of not less than 30 minutes, except
          that when a work period of not more than six (6) hours will complete the

28

day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

45. California Labor Code section 226.7 provides:

"(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

46. It was and continues to be Defendants', and each of their, systematic business policy and practice work Plaintiffs and Class Members more than five hours per day without the provision of an off-duty 30 minute meal period as required by California Labor Code section 512 and section 11 of the applicable Industrial Welfare Commission Wage Order.

47. Furthermore, Plaintiffs, members of the Representative Class, and members of the Class-Action Class have not waived their right to a 30 minute meal period by mutual consent.

48. In addition, it was and continues to be Defendants', and each of their, systematic business policy and practice not to compensate the Plaintiffs and Class Members with the one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided as required by California Labor Code sections 226.7, and subsection 11 of

1   Industrial Welfare Commission Order No. 9.

2       49.  Despite all of the available California law, Defendants and each of them, willfully

3   refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they

4   are owed pursuant to California Labor Code section 226.7 and subsection 11 of the applicable

5   Industrial Welfare Commission Orders.

6       50.  In failing to compensate Plaintiffs and Class Members the pay due and owing

7   pursuant to Labor Code sections 226.7 and subsection 11 of the applicable Industrial Welfare

8   Commission Orders as alleged herein, Defendants, and each of them, acted maliciously,

9   oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiffs

10  and the Class Members by reaping economic gain at Plaintiffs' and the Class' expense, in willful

11  and conscious disregard of their statutory and regulatory right to pay due and owing.

12  Consequently, Plaintiffs and the members of the Representative Class, and the Class-Action

13  Class are entitled to an award of exemplary damages to punish Defendants' past conduct and to

14  deter similar future conduct.

15  <b>SECOND CAUSE OF ACTION</b>
<b>(Violation of California Labor Code section 512 and section 12 of the applicable Industrial</b>
16  <b>Welfare Commission Wage Order.)</b>
<b>(Against All Defendants)</b>
17

18      51.  Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through

19  50 of this Complaint as if fully set forth herein.

20      52.  Section 12 of the applicable Industrial Welfare Commission Wage Order provides as

21  follows:

22      "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours

23  worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized

24  for employees whose total daily work time is less than three and one-half (3 ½) hours.  Authorized rest period time shall be counted as hours worked

25  for which there shall be no deduction for wages.

26      (B) if an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall

27  pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

28

53. It was and continues to be Defendants', and each of their, systematic business policy and practice work Plaintiffs and Class Members more than three and one half (3 ½) hours per day without a ten (10) minute rest period as required by California Labor Code section 512 and section 12 of Industrial Welfare Commission Wage Order No. 9.

54. In addition, it was and continues to be Defendants', and each of their, systematic business policy and practice not to compensate the Plaintiffs and Class Members with the one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided as required by California Labor Code sections 226.7, and subsection 12 of Industrial Welfare Commission Order No. 9

55. Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to California Labor Code section 226.7 and subsection 12 of the applicable Industrial Welfare Commission Orders.

56. In failing to compensate Plaintiffs and the Class Members the pay due and owing pursuant to Ca. Labor Code sections 226.7 and subsection 12 of Industrial Welfare Commission Order No. 9 as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiffs and the Class Members by reaping economic gain at Plaintiffs' and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to pay due and owing.  Consequently, Plaintiffs and the members of the Representative Class, and the Class-Action Class are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.

**THIRD CAUSE OF ACTION**
**(Failure to Pay Minimum Wage As Required By**
**Subsection 4 Of Industrial**
**Welfare Commission Order No. 9.)**
**(Against DEFENDANTS, and Does 1-50.)**

57. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. Subsection 4 of Industrial Welfare Commission Order No. 9 provides in relevant part as follows:

> (A) Every employer shall pay to each employee wages not less than nine dollars ($9.00) per hour for all hours worked effectively July 1, 2014, and not less than ten dollars ($10.00) per hour for all hours worked, effective January 1, 2016; ...
> (B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

59. Labor Code 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of less wage than the minimum so fixed is unlawful.

60. During all relevant periods, Defendants, and each of them, suffered or permitted Plaintiffs and Class Members to work in excess of eight (8) hours per day and to work in excess of forty (40) hours per week.

61. During all relevant periods, Defendants, and each of them, required Plaintiff and Class Members work without pay for hours spent waiting for load assignments after their scheduled start times.

62. However, Defendants, and each of them, had and continue to have a systematic business policy and practice of refusing to pay them for all time they were required to devote to work.

63. Defendants, and each of them, have willfully failed and continue to fail to pay Plaintiffs and Class Members minimum wage as required by Section 4 of Industrial Welfare Commission Order No. 9.

64. It was and continues to be Defendants', and each of their, systematic business policy and practice to not pay minimum wage as required by California law and as alleged herein.

65. Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to subsection 4 of Industrial Welfare Commission Order No. 9.

66. Labor Code 1194 provides in relevant part:

(a) Nothwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

67.  Labor Code 1194.2 provides in relevant part:

(a) In any action under Section ... 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recovery liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

68.  Labor Code 1197.1 provides in relevant part:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty, restitution or wages, and liquidated damages payable to the employee as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each under paid employee for each pay period for which the employee is underpaid.  This amount shall be in addition to any amount sufficient to recovery underpaid wages and liquidated damages pursuant to Section 1194.2 (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.  This amount shall be in additions to an amount sufficient to recover underpaid wages and liquidated damages pursuant to Section 1194.2. (3) Wages and liquidated damages recovered pursuant to this section shall be paid to the affected employee.

69.  In failing to compensate Plaintiffs and Class Members the pay due and owing as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiff and the Class Members by reaping economic gain at Plaintiff's and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to receive pay due and owing.

## FOURTH CAUSE OF ACTION
### (Violation of California Labor Code Section 201, 202, and 203 -- Against All Defendants)

74.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75.  California Labor Code section 201 provides in pertinent part:  "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and

1  payable immediately ..."

2      76.  California Labor Code section 202 provides in pertinent part: "If an employee not

3  having a written contract for a definite period quits his or her employment, his or her wages shall

4  become due and payable not later than 72 hours thereafter, unless the employee has given 72

5  hours previous notice of his or her intention to quit, in which case the employee is entitled to his

6  or her wages at the time of quitting."

7      77.  California Labor Code section 203 provides in pertinent part:

8        "If an employer willfully fails to pay, without abatement or reduction, in
      accordance with Sections 201, 201.5, 202, and 205.5, any wages of an

9        employee who is discharged or quit, the wages of the employee shall
      continue as a penalty from the due date the of at the same rate until paid or

10        until an action therefore is commenced; but the wages shall not continue
      for more than 30 days.  An employee who secretes or absents himself or

11        herself to avoid payment to him or her, or who refuses to receive the
      payment when fully tendered to him or her, including any penalty then

12        accrued under this section, is not entitled to any benefit under this section
      for the time during which he or she so avoids payment.

13        Suit may be filed for these penalties at any time before the expiration of
      the statute of limitations on an action for the wages from which the

14        penalties arises."

15

16      78.  Plaintiffs and Class Members identified herein were discharged by Defendants

17  and/or voluntarily quit.  The Defendants, in violation of California Labor Code sections 203, had

18  a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and

19  unpaid wages or accrued vacation of all such former employees as described herein.  Plaintiffs

20  and Class Members did not secret or absent themselves from Defendants nor refuse to accept the

21  earned and unpaid wages from Defendants.  Accordingly, Defendants are liable for waiting time

22  penalties for the unpaid wages pursuant to California Labor Code sections 203.

23      79.  In addition to the penalties imposed by California Labor Code section 203,

24  Defendants, and each of them are liable for the penalties imposed by subsection 20 of the

25  applicable Industrial Welfare Commission Orders which provides in relevant part as follows:

26        (a) In addition to any other civil penalties provided by law, any employer
      or any other person acting on behalf of the employer who violates, or

27        causes to violate, the provisions of this order, shall be subject to the civil
      penalty of: (1) Initial Violation - $50.00 for each underpaid employee for

28        each pay period during which the employee was underpaid in addition to

1   the amount which is sufficient to recover unpaid wages.  (2) Subsequent
Violations - $100.00 for each underpaid employee for each pay period
2   during which the employee was underpaid in addition to an amount which
is sufficient to recover unpaid wages.

3   80.  Despite all of the available California law, Defendants and each of them, willfully

4   refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they

5   are owed pursuant to California Labor Code section 203 and section 20 of the applicable

6   Industrial Welfare Commission Orders.

7   81.  In failing to compensate Plaintiffs and the Class Members  the pay due and owing

8   pursuant to Ca. Labor Code section 203 as alleged herein, Defendants, and each of them, acted

9   maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship

10  to Plaintiffs and the Class Members by reaping economic gain at Plaintiffs' and the Class'

11  expense, in willful and conscious disregard of their statutory and regulatory right to pay due and

12  owing.  Consequently, Plaintiffs and the members of the Representative Class, and the Class-

13  Action Class are entitled to an award of exemplary damages to punish Defendants' past conduct

14  and to deter similar future conduct.

15                          **FIFTH CAUSE OF ACTION**
    **(Failure To Provide Accurate Wage Statements.  California Labor Code 226, And**
16                         **Subsections of the applicable**
                           **Industrial Welfare Commission Orders.)**
17

18  82.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

19  81 of this Complaint as if fully set forth herein.

20  83.  California Labor Code 226 provides in pertinent part:

21  (a) Every employer shall, semimonthly or at the time of each payment of wages,
    furnish each of his or her employees, either as a detachable part of the check,
22  draft, or voucher paying the employee's wages, or separately when wages are paid
    by personal check or cash, an accurate itemized statement in writing showing (1)
23  gross wages earned, (2) total hours worked by the employee, except for any
    employee whose compensation is solely based on a salary and who is exempt
24  from payment of overtime under subdivision (a) of Section 515 or any applicable
    order of the Industrial Welfare Commission, (3) the number of piece rate units
25  earned and any applicable piece rate if the employee is paid on a piece rate basis,
    (4) all deductions, provided that all deductions made on written orders of the
26  employee may be aggregated and shown as one item, (5) net wages earned, (6) the
    inclusive dates of the period for which the employee is paid, (7) the name of the
27  employee and his or her social security number, except that by January 1, 2008,
    only the last four digits of his or her social security number or an existing.

28

employee identification number other than a social security number may be shown on the check, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

(b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer. The employer may take reasonable steps to assure the identity of a current or former employee. If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.

(c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. A violation of this subdivision is an infraction. Impossibility of performance, not caused by or a result of a violation of law, shall be an affirmative defense for an employer in any action alleging a violation of this subdivision. An employer may designate the person to whom a request under this subdivision will be made.

(d) This section does not apply to any employer of any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of the owner or occupant.

(e)(1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(e)(2)(A) An employee is deemed to suffer injury for purposes of this subdivision in the employer fails to provide a wage statement.

(e)(2)(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a). (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period ... (iii) The name and address of the employer ... (iv) The name of the employee and only the last four digits of his or her social security number ...

(e)(2)(C) For purposes of this paragraph, "promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

...

(f) A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven hundred fifty dollars ($750) penalty from the employer.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

84.   Defendants have failed to maintain the records required by Labor Code §226. Defendants' pay records issued to Plaintiffs and Class Members do not contain the information required by Labor Code § 226(a) (1) through (9). Additionally, Plaintiffs and Class Members cannot easily and readily ascertain the information required by Labor Code § 226(a)(1) through (9) without reference to other documents and information. Therefore, Plaintiffs and Class Members are deemed to have suffered an injury as contemplated by Labor Code § 226(e)(2)(B). Consequently, it will be more difficult for Plaintiffs and Class Members to establish all actual hours worked for Defendant over the four years preceding the filing of this complaint. As a result, Plaintiffs and class members will incur additional attorney fees and costs and will be required to devote significantly more time to this litigation.

### SIXTH CAUSE OF ACTION
#### (Violation of Business and Professions Code 17200 et seq.)
#### (Against all Defendants)

85.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86.   Defendants, and each of them, have engaged and continue to engage in unfair business practices in California by practicing, employing and utilizing the business practices and policies alleged herein above. Defendants', and each of their, utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

87.  Plaintiffs seek on their own behalf, on behalf of Class Members, full restitution and disgorgement of all employment compensation, business expenses and business losses wrongfully withheld, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair and/or unlawful practices complained of herein.  The restitution and disgorgement requested includes all wages earned and unpaid and all unreimbursed business expenses and losses, including interest thereon. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the Complaint in this action and continue to the present.

88.  Plaintiffs are informed and believe and on that basis allege that at all times herein mentioned Defendants, and each of them, have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code 17200 et seq., by depriving Plaintiffs and the members of the Representative Class of the minimum working condition standards due to them under the California Labor Code and Industrial Welfare Commission wage orders as identified herein.

89. Business and Professions Code 17200, et seq., prohibits acts of unfair competition which shall mean and include any unlawful, unfair or fraudulent business act or practice.  Under California law, wages unlawfully withheld from an employee constitutes an unfair business act entitling the Plaintiffs and the members of the Representative Class to a restitution remedy authorized by section 17203.  Plaintiffs, the representative class, and the general public are therefore entitled to the relief requested below.

**PLAINTIFFS REQUEST JURY TRIAL**

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment and relief as follows:

1.  An Order certifying that the action may be maintained as a class action;

2.  Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action alleged herein above, in an amount to be proven at trial.

Page  22

Such statutory damages, penalties, restitution, interest, costs of suit, and attorney fees include, but are not limited to, one additional hour of pay at the regular rate of pay for each work day Defendants failed to provide a statutory compliant meal period; one additional hour of pay at the regular rate of pay for each work day Defendants failed to provide a statutory compliant rest period; minimum wages, liquidated damages, penalties reimbursement of business expenses, waiting time penalties, paystub penalties, restitution, interest, costs of suit and attorney fees.

3.  Exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code section 3294;

4.  An Order imposing an asset freeze in constructive trust of Defendants, and each of their, ill-gotten gains, and enjoining Defendants from failing and refusing to disgorge all monies acquired by means of any act or practice declared by this Court to constitute unlawful, unfair or fraudulent acts or practices;

5.  That Defendants be ordered to show cause why it should not be enjoined and ordered to comply the applicable California Industrial Welfare Commission Wage Orders related to payment of employment compensation and record keeping for Defendants' employees who are engaged in non-exempt work and work, without a meal or break period;

6.  For a declaratory judgment and decree adjudging and decreeing that the Plaintiffs and the Class have meal periods and break periods for which they have not been paid in violation of California Law;

7.  For restitution to Plaintiffs and other similarly affected members of the general public (and disgorgement from Defendants) of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the California Labor Code, Industrial Welfare Commission Orders, and  California Business and Professions Code 17200 et

seq.

8. For any and all profits, whether direct or indirect, Defendants acquired by its conversion of the Plaintiffs' and Class Members' wages;

9. For pre-judgment and post-judgment interest as allowed by California Labor Code sections 218.6 and 1194;

10. For reasonable attorney's fees, expenses and costs as provided by California Labor Code sections 218.5 and 1194; and

11. Such other and further relief as the Court deems just and proper.

DATED: February _27_, 2015          WAGNER, JONES, KOPFMAN
                                    & ARTENIAN LLP


                                    By:_____
                                        Daniel M. Kopfman
                                        Attorneys for Plaintiffs

Page  24

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Daniel M. Kopfman 192191<br>WAGNER, JONES, KOPFMAN & ARTENIAN LLP<br>1111 E. Herndon, Ste. 317<br><br>Fresno, CA  93720<br>TELEPHONE NO.  559/449-1800    FAX NO.  559/449-0749<br>ATTORNEY FOR (Name):  PLAINTIFFS | ENDORSED<br>FILED<br>Superior Court of California<br>County of San Francisco<br><br>FEB 25 2015<br><br>CLERK OF THE COURT<br>DAVID W. YUEN<br>BY:<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE:   SAN FRANCISCO, CA  94102
BRANCH NAME:

| CASE NAME:   ACOSTA v. FRITO-LAY | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited      ☐ Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter      ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC - 15 - 544370 |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☒ is        ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☒ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☒ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*:  6
5. This case ☒ is        ☐ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February      , 2015
Daniel M. Kopfman 192191                              ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal<br>Solutions<br>⊕ Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To **Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To **Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late Claim
Other Civil Petition

CASE NUMBER: CGC-15-544370  DANIEL ACOSTA ET AL VS. FRITO-LAY, INC. ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**   JUL-29-2015

**TIME:**   10:30AM

**PLACE:**   Department 610
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.10. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**               **Page 32**

 

**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package**

> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money**, including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management.

Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF COMPLETED STIPULATIONS TO BASF.

ADR- 1  12/22 (ja)                    Page 3

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: <br><br> DEPARTMENT 610 |
|---|---|

1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐   **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐   **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐   Other ADR process (describe) _____

2)   The parties agree that the ADR Process shall be completed by (date): _____

3)   Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| | |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   *Additional signature(s) attached*

ADR-2  07/12           STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                               FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE**    ☐ **LIMITED CASE** (Amount demanded   (Amount demanded is $25,000 exceeds $25,000)    or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                      Time:               Dept.:           Div.:              Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
       (1) ☐ have not been served *(specify names and explain why not):*
       (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
       (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐   a jury trial   ☐   a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐   by the attorney or party listed in the caption   ☐   by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                              f.   Fax number:
e.   E-mail address:                                                  g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel   ☐   has   ☐   has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party   ☐   has   ☐   has not   reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation (if available).**
(1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**
   a. ☐  This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐  This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐  The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☐  The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. ☐  After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____

(TYPE OR PRINT NAME)

▶ _____

(SIGNATURE OF PARTY OR ATTORNEY)

_____

(TYPE OR PRINT NAME)

▶ _____

(SIGNATURE OF PARTY OR ATTORNEY)

☐  Additional signatures are attached.

## Experienced mediators are available in the following areas

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family-Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice: Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
Women's Issues
And more...

# TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

> George Yuhas, Esq.
> Orrick, Herrington & Sutcliffe LLP

"We had an excellent experience and, after 8 1/2 hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

> Robert Charles Friese, Esq.
> Shartsis Friese LLP

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

> Leslie Caplan
> Global Warming Campaign Manager
> Bluewater Network

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

> Mark Abelson, Esq.
> Campagnoli, Abelson & Campagnoli

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

> Denise A. Leadbetter, Esq.
> Zacks, Utrecht & Leadbetter



PROCEDURES, PODCASTS, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:
www.sfbar.org/mediation

adr@sfbar.org or
415-982-1600



Voted one of the top ADR Providers
2010 2011 2012 2013
in The Recorder's Best of the Bay Area

# MEDIATION SERVICES





THE BAR ASSOCIATION OF
SAN FRANCISCO

**QUALITY                    EXPERIENCE                    TRUST**

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

**WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600**



**The Early Settlement Program:**

▷ Helps you resolve cases quickly and economically

▷ Has been a trusted program for over 20 years

▷ Boasts a 78% settlement rate and 97% satisfaction rate

**Early Settlement provides:**

▷ Panels of experienced trial attorneys (all with at least 10 years of experience)

▷ Three free hours of settlement conference time per case, including one hour of preparation time

▷ Panelists who are matched with the case's type of law

▷ Low administrative fee of $295/party, capped at $590 for parties represented by the same counsel

**FAST**
Do you have a case filed in San Francisco Superior Court and want to settle sooner than your trial date?

**ECONOMICAL**
Want a settlement option with less stress and cost than trial?

**FAIR**
Want the skills of experienced panelists in arriving at a realistic, satisfying settlement?

Consider The Bar Association of San Francisco's

*Early Settlement Program*

Learn more about the Early Settlement Program–scan the QRCode or visit www.sfbar.org/adr/esp

Page 44

## What is ESP?

The Bar Association of San Francisco's **Early Settlement Program** (ESP) is available as one of San Francisco Superior Court's Alternative Dispute Resolution (ADR) programs (Local Rule 4.3).

ESP is a **highly successful** ADR program that handles cases in areas of law such as business, personal injury, employment, labor, civil rights, discrimination, insurance, malpractice, landlord/tenant, and many others.

ESP is **unique** in that the panelists, in helping you move toward settlement, can provide you confidential feedback about their evaluation of your case, including opinions as to potential case value.

For more information as well as the complete Policies & Procedures, go to: **www.sfbar.org/esp**



## Who are the Panelists?

They are experienced attorneys with at least 10 years of trial experience. Panels consist of one plaintiff and one defense attorney. Sometimes an attorney who is experienced in both types of representation serves as a solo panelist.

## Costs

There is a $295 administrative fee per party, capped at $590 for multiple parties represented by the same attorney. To pay for the cost of running this program, if you have a fee waiver with the Superior Court, your fee will be waived by the ESP program.

## Contact

▸ email: esp@sfbar.org

▸ phone: 415-982-1600

▸ fax: 415-989-0381

## Steps

The forms you need can be found at **www.sfbar.org/esp**, or email adr@sfbar.org or call 415-782-8905 for a packet to be sent to you.

① Please complete the ESP Agreement and return it to BASF via email at adr@sfbar.org or by fax to 415-989-0381. You don't have to get the other parties to sign, just send yours.

② When all parties have signed the ESP Agreement, you will be sent the Notice of ESP, along with an invoice.

③ There is a $295 administrative fee per party, with a cap of $590 for multiple parties represented by the same attorney. You can pay by check, money order or credit card.

④ Send your administrative fee by fax, email or mail to: BASF / ESP, 301 Battery Street, Third Floor, San Francisco, California 94111.

⑤ When BASF receives the fees from all parties, your matter will be assigned to a panelist (or panel of 2), who will work with to set the date, time and location for your conference.

⑥ If you must reschedule your ESP conference date, work with the other side and your panelist(s) to set the new date. BASF does not need to be notified.

⑦ Before your conference, provide a copy of your description of the dispute to all parties and panelists. BASF does not need a copy.

⑧ If the matter is settled in your ESP conference, congratulations!

⑨ If the matter is not settled in your ESP conference, your initial court date remains the same.

**EXHIBIT B**

**Tamara Siemers**

| | |
|---|---|
| **From:** | One Legal Customer Support <support@onelegal.com> |
| **Sent:** | Friday, May 08, 2015 10:01 AM |
| **To:** | Tamara Siemers |
| **Subject:** | Order 1641813 Received at Court Acosta vs Frito-Lay |

Your order 1641813 has been delivered to its destination, and is pending at court. You will receive another email update along with proof of completion from us when the court is ready and your assignment is completed.

Please note: due to changes in court hours and procedures due to the current budget crisis, it may take some time before the court processes your document(s). Our staff will check with the court daily and a confirmation email or fax will be sent to you along with proof of completion as soon as possible.

If you have any questions or need assistance, please send an email to support@onelegal.com, and feel free to contact our Customer Support department Monday through Friday from 8:15 a.m. until 5:30 p.m. PST at 800-938-8815.

Thank you for choosing One Legal.

OLFE05

SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
SAMANTHA D. HARDY, Cal. Bar No. 199125
HALI M. ANDERSON, Cal. Bar No. 261816
ASHLEY T. HIRANO, Cal. Bar No. 265282
DANIEL F. DE LA CRUZ, Cal. Bar No. 292537
501 West Broadway, 19th Floor
San Diego, California  92101-3598
Telephone:    619-338-6500
Facsimile:    619-234-3815
shardy@sheppardmullin.com
handerson@sheppardmullin.com
ahirano@sheppardmullin.com
ddelacruz@sheppardmullin.com

Attorneys for Defendants FRITO-LAY, INC.; FL
TRANSPORTATION INC.; and PEPSICO, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DANIEL ACOSTA, GREG FRYE, JOSE HERNANDEZ, DENNIS EASLEY, and ORLANDO CASTILLO,<br><br>        Plaintiffs,<br><br>     v.<br><br>FRITO-LAY, INC.; FL TRANSPORTATION INC.; PEPSICO, INC.; and DOES 1-100, inclusive,<br><br>        Defendants. | Case No. CGC-15-544370<br><br>**DEFENDANTS' JOINT ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>First Amended Complaint Filed: March 5, 2015<br><br>Trial Date:      None Set |

Page 47

1        Defendants Frito-Lay, Inc.; FL Transportation Inc.; and PepsiCo, Inc.

2  ("Defendants"), jointly answer the unverified Complaint of Plaintiffs Daniel Acosta, Greg

3  Frye, Jose Hernandez, Dennis Easley, and Orland Castillo ("Plaintiffs") as follows:

4

5        Pursuant to the provisions of Code of Civil Procedure section 431.30,

6  Defendants deny generally and specifically, conjunctively and disjunctively, each and

7  every allegation contained in Plaintiffs' unverified Complaint.

8

9        Defendants further answer the Complaint, and each and every purported

10  cause of action, by denying that Plaintiffs have sustained, or will sustain any damages in

11  any sum, by reason of any fault, act, or omission on the part of Defendants.

12

13        AND FOR THEIR AFFIRMATIVE DEFENSES TO THE COMPLAINT

14  AND EACH PURPORTED CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:

15

16               **AFFIRMATIVE DEFENSES**

17            FIRST AFFIRMATIVE DEFENSE

18           (Failure to State a Cause of Action)

19        Neither the Complaint, nor any purported cause of action alleged therein,

20  states facts sufficient to constitute a cause of action upon which relief can be granted

21  against Defendants.

22

23           SECOND AFFIRMATIVE DEFENSE

24             (Statutes of Limitations)

25        The Complaint, and each purported cause of action alleged therein, is barred,

26  in whole or in part, by the applicable statutes of limitations.

27

28

-1-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRD AFFIRMATIVE DEFENSE

#### (Laches)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

#### (Estoppel)

Plaintiffs are estopped by their conduct from asserting the causes of action upon which they seek relief.

### FIFTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Plaintiffs have or had unclean hands with respect to the matters alleged in the Complaint and are therefore barred from recovering any relief on the Complaint or any purported cause of action alleged therein.

### SIXTH AFFIRMATIVE DEFENSE

#### (Consent)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiffs consented to the conduct about which they now complain.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Misrepresentations)

Defendants are informed and believe, and on that basis allege, that Plaintiffs' causes of action are barred, in whole or in part, by misrepresentations made by Plaintiffs.

Page 49

-2-

SMRH:437136011.1                                    DEFENDANTS' JOINT ANSWER TO PLAINTIFFS'
                                                    COMPLAINT

1

## EIGHTH AFFIRMATIVE DEFENSE

2

(No Willful Failure to Pay)

3    Plaintiffs cannot recover waiting time penalties because any alleged failure

4 to pay wages was based on a good faith dispute regarding the applicable law or facts.

5

6

## NINTH AFFIRMATIVE DEFENSE

7

(Full Payment of Wages)

8    Defendants are informed and believe, and upon that basis allege, that

9 Plaintiffs were fully paid all wages earned and owed at all times throughout their

10 respective employments.

11

12

## TENTH AFFIRMATIVE DEFENSE

13

(Meal and Rest Periods Provided)

14    Defendants are informed and believe, and upon that basis allege, that

15 Plaintiffs were provided with all applicable meal and rest periods.

16

17

## ELEVENTH AFFIRMATIVE DEFENSE

18

(Paystubs Properly Provided)

19    Plaintiffs cannot recover paystub penalties because Defendants  are informed

20 and believe that they at all times provided accurate itemized wage statements to Plaintiffs.

21

22

## TWELFTH AFFIRMATIVE DEFENSE

23

(Exemptions and Exclusions from State Law)

24    Some or all of Plaintiffs' causes of action are barred by state law exemptions

25 from overtime.

26

27

28

Page 50

SMRH:437136011.1

DEFENDANTS' JOINT ANSWER TO PLAINTIFFS'
COMPLAINT

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (No Damages)

3         Plaintiffs have not suffered any damages as a result of any actions taken by

4 Defendants or their agents, and Plaintiffs are thus barred from asserting any cause of

5 action.

6

7

## FOURTEENTH AFFIRMATIVE DEFENSE

8

### (Authorization of Law)

9         The Complaint, and each purported cause of action alleged therein, is barred

10 in whole or in part because any acts and omissions of Defendants were at all times legal

11 and authorized by law.

12

13

## FIFTEENTH AFFIRMATIVE DEFENSE

14

### (No Loss/Unjust Enrichment)

15         Plaintiffs have not suffered any losses and Defendants have not been unjustly

16 enriched as a result of any action or inaction of Defendants or their agents.  Plaintiffs are

17 therefore not entitled to any disgorgement or restitution.

18

19

## SIXTEENTH AFFIRMATIVE DEFENSE

20

### (Lack of Specificity)

21         Plaintiffs' claim of unfair business practices in violation of California

22 Business and Professions Code Section 17200, *et seq.*, is barred because it fails to plead

23 specific facts capable of stating a claim for unfair business practice.

24

25

## SEVENTEENTH AFFIRMATIVE DEFENSE

26

### (Justification And Privilege)

27         Defendants cannot be liable for any alleged violation of California Business

28 and Professions Code Section 17200, *et seq.* because its actions, conduct, and dealings

-4-

1  with their employees were lawful, and were carried out in good faith and for legitimate

2  business purposes.

3

4  ### EIGHTEENTH AFFIRMATIVE DEFENSE

5  (No Predicate Violation of Law)

6  Plaintiffs cannot establish a predicate violation of law by Defendants

7  sufficient to maintain a cause of action pursuant to Business and Professions Code Section

8  17200, *et seq.*  Further, Plaintiffs' claim for Violation of Business and Professions Code

9  Section 17200, *et seq.*, is barred to the extent it is based upon the purported violation of a

10  statute or regulation that is of purely regulatory import, or otherwise does not define

11  "unlawful" conduct.

12

13  ### NINETEENTH AFFIRMATIVE DEFENSE

14  (No Proper Representative Claims)

15  Plaintiffs' Business and Professions Code Section 17200 cause of action is

16  not appropriate for resolution on a representative basis.

17

18  ### TWENTIETH AFFIRMATIVE DEFENSE

19  (Non-Certifiable Class)

20  The Complaint does not state facts sufficient to certify a class pursuant to

21  California Code of Civil Procedure Section 382 and, accordingly, this action is not

22  properly brought as a class action.

23

24  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

25  (No Common Issues)

26  There is a lack of common issues of fact and law and, accordingly, this

27  action is not properly brought as a class action.

28

**Page 52**

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Inadequacy of Class Representative)

Plaintiffs are not adequate representatives of the class they purport to represent and, accordingly, this action is not properly brought as a class action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Inadequacy of Counsel)

Plaintiffs' counsel is not adequately familiar with the substantive and procedural law pertinent to class actions and, accordingly, this action is not properly brought as a class action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Typicality)

Plaintiffs' claims are not typical of the class they purport to represent and, accordingly, this action is not properly brought as a class action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Superiority)

The class action procedure is not the superior method for adjudicating Plaintiffs' claims or the claims of the alleged class and, accordingly, this action is not properly brought as a class action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiffs lack standing to assert any purported cause of action against Defendants.

Page 53

DEFENDANTS' JOINT ANSWER TO PLAINTIFFS' COMPLAINT

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiffs Not Competent)

Some or all of Plaintiffs' causes of action fail, in whole or in part, because Plaintiffs are not competent to bring the claims on behalf of other parties.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Putative Members Not Similarly Situated)

Plaintiffs cannot maintain a representative or class action because the putative Plaintiffs are not similarly situated.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Full Performance)

Plaintiffs are not entitled to any relief because Defendants have performed all statutory, contractual, and other obligations.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known to them at the time they so acted. Accordingly, Plaintiffs are barred, in whole or in part, from any recovery in this action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Specify Basis for Constructive Trust)

Plaintiffs have failed to specify the basis for their constructive trust claim. Therefore, Plaintiffs' claim for constructive trust must fail.

Page 54

-7-

DEFENDANTS' JOINT ANSWER TO PLAINTIFFS'
COMPLAINT

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Attorneys' Fees)

The Complaint, and each and every purported claim for relief alleged therein, fails to state facts sufficient to entitle Plaintiffs to an award of attorneys' fees in any amount.  Moreover, as a consequence of Plaintiffs bringing this action, Defendants have been required to retain attorneys to defend themselves, and Defendants are entitled to recover their attorneys' fees incurred herein.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(No Right To Punitive Damages)

Plaintiffs are not entitled to punitive damages on any cause of action or ground alleged in the Complaint.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Punitive Damages Violate the United States and the California Constitutions)

Any award of punitive damages would violate the Due Process Clause of the United States Constitution, Amendments V and XIV, Section 1, and the Due Process Clause of the Constitution of the State of California.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Excessive Fines)

Plaintiffs' claims for punitive damages are barred by the Excessive Fines Clause of the United States Constitution, Amendment VIII.  To the extent that the law of the State of California may require that a portion of any award of punitive damages be paid to the State, any award of punitive damages constitutes a "fine" subject to the Excessive Fines Clause.  Under those circumstances, any amount of punitive damages would be excessive in violation of the Excessive Fines Clause.

Page 55

SMRH:437136011.1

DEFENDANTS' JOINT ANSWER TO PLAINTIFFS' COMPLAINT

<u>RESERVATION OF RIGHTS</u>

Defendants presently have insufficient knowledge and information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available.  Defendants reserve the right to assert additional affirmative defenses in the event discovery or investigation indicates it would be appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiffs take nothing by their Complaint;

2.      That Defendants be awarded all of their costs and attorneys' fees incurred herein; and

3.      That the Court award such other and further relief as it deems just and proper.

Dated:  May 8, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

SAMANTHA D. HARDY
HALI M. ANDERSON
ASHLEY T. HIRANO
DANIEL F. DE LA CRUZ

Attorneys for Defendants
FRITO-LAY, INC.; FL TRANSPORTATION
INC.; and PEPSICO, INC.

Page 56

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        A Limited Liability Partnership
2       Including Professional Corporations
    SAMANTHA D. HARDY, Cal. Bar No. 199125
3   shardy@sheppardmullin.com
    ASHLEY T. HIRANO, Cal. Bar No. 265282
4   ahirano@sheppardmullin.com
    501 West Broadway, 19th Floor
5   San Diego, California 92101-3598
    Telephone:     619.338.6500
6   Facsimile:     619.234.3815

7   Attorneys for Defendants
    FRITO-LAY, INC.; FL TRANSPORTATION
8   INC.; and PEPSICO, INC.

9

10                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          COUNTY OF SAN FRANCISCO

12

13  DANIEL ACOSTA, GREG FRYE, JOSE          Case No. CGC-15-544370
    HERNANDEZ, DENNIS EASLEY, and
14  ORLANDO CASTILLO,                       **PROOF OF SERVICE**

15                      Plaintiffs,         [Complaint Filed: March 5, 2015]

16          v.

17  FRITO-LAY, INC.; FL TRANSPORTATION
    INC.; PEPSICO, INC.; and DOES 1-100,
18  inclusive,

19                      Defendants.

20

21          I, the undersigned, certify and declare that I am a resident of the United States, over 18

22  years of age and am not a party to the within action.  My business address is 501 West Broadway,

23  19th Floor, San Diego, CA 92101.

24          On May 8, 2015, I served the following document(s) described as:

25  **DEFENDANTS' JOINT ANSWER TO PLAINTIFFS' COMPLAINT**

26  by providing a true and correct copy of the aforementioned document(s) on the interested
    parties in this action identified as follows and by the means designated below:

27

28
                                                                       Page 57

                                       1

1   Nicolas J.P. Wagner, Esq.
    Andrew B. Jones, Esq.
2   Daniel M. Kopfman, Esq.
    Lawrence M. Artenian, Esq.
3   Angela E. Martinez, Esq.
    WAGNER JONES KOPFMAN &
4   ARTENIAN LLP
5   1111 E Herndon, Suite 317
    Fresno, CA 93720
6   (559) 449-1800
7   (559) 449-0749 fax
    Attorneys for Plaintiffs
8

9
    [  ]   BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the
10          office of the addressee(s).

11  [ X ]  BY MAIL - [CCP § 1013a.] By placing a true and correct copy of the aforementioned
            document(s) in a sealed envelope, correctly addressed to the recipient(s) with postage
12          thereon fully prepaid at San Diego, CA, in the ordinary course of business.  I am readily
            familiar with the firm's practice of collection and processing correspondence for mailing.
13          Under that practice it would be deposited with the United States postal service on that
            same day.  I am aware that on motion of the party served, service is presumed invalid if
14          postal cancellation date or postage meter date is more than one day after date of deposit for
            mailing in affidavit.
15
    [  ]   BY OVERNIGHT SERVICE – [CCP § 1013a.] By placing a true and correct copy of the
16          aforementioned document(s) in an envelope or package authorized by the express service
            carrier with fees paid or provided for at the time of deposit with the express service carrier,
17          correctly addressed to the recipient(s) at San Diego, CA, in the ordinary course of business.
            I am readily familiar with the firm's practice of collection and processing of mail by
18          overnight service.  Under that practice it would be deposited in a box or other facility
            regularly maintained by the express service carrier on that same day.
19
    [  ]   BY EMAIL – [CRC 2.260] I caused to be transmitted via electronic means to the
20          electronic mail address(es) noted above at ____ ____.m. a true and correct copy of the
            aforementioned document(s) from tsiemers@sheppardmullin.com on the date ascribed
21          below.  The transmission was reported as complete without error.  I am aware that the form
            of original signature must be maintained and must be available for review and copying on
22          the request of the court or any party to this action.

23          I declare under penalty of perjury under the laws of the State of CA that the foregoing is

24  true and correct.

25          Executed on May 8, 2015 at San Diego, CA.

26

27                                                          Tamara Siemers

28
                                                                        Page 58

                                          2
    SMRH:437269492.1