UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ACOSTA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FRITO-LAY, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-02128-JSC<br><br>**ORDER ON MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. No. 22 |

Now pending before the Court is the motion of Daniel M. Kopfman, and the law office of Wagner, Jones, Kopfman and Artenian, to withdraw as counsel for Plaintiff Greg Frye. (Dkt. No. 22.)[1] Frye has not responded to the motion, although the time for him to do so has passed. Defendants have filed a notice of non-opposition to the motion. (Dkt. No. 23.) After carefully considering Counsel's motion, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion as set forth below.

**LEGAL STANDARD**

Under the Court's Civil Local Rules, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a); *Dist. Council No. 16 No. Cal. Health & Welfare Trust Fund v. Lambard Enters., Inc.*, No. C 09-05189 SBA, 2010 WL 3339446, at *1 (N.D. Cal. Aug. 24, 2010) (citations omitted). The Local Rule further provides that "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to proceed pro se, leave to

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

The decision to permit withdrawal of counsel is within the trial court's discretion. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). Courts ruling on motions to withdraw have considered, among other things, (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). In this District, courts also consider the standards of professional conduct required of members of the State Bar of California. *See, e.g.*, *U.A. Local 342 Joint Labor-Mgmt. Comm. v. So. City Refrigeration, Inc.*, No. 09-3219, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010); *Cal. Native Plant Soc'y v. U.S. EPA*, No. 06-3604, 2008 WL 4911162, at *1 (N.D. Cal. Nov. 14, 2008). Under California Rule of Professional Conduct 3-700(C)(1)(d), an attorney may request permission to withdraw on the basis of "conduct [that] renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Cal. Rule of Prof. Conduct 3-700(C)(1)(d).

**DISCUSSION**

Here, counsel seeks to withdraw because Mr. Frye has repeatedly failed to maintain regular communication with counsel and apparently has entered a severance agreement and release with Defendant outside of this litigation. In support of his motion to withdraw, Mr. Kopfman has submitted a declaration that attests to multiple attempts to contact Mr. Frye to obtain necessary information to represent him in this action. (Dkt. No. 22-1.) Mr. Kopfman attests that over the past several months his law firm made multiple attempts to reach Mr. Frye by phone, including on July 16, July 17, July 22, and during the first week in August. (*Id.* ¶¶ 4-8.) Mr. Kopfman's office left Mr. Frye a voice message on three of the occasions. (*Id.*) Mr. Frye did not return any of the calls. (*See* Dkt. No. 22-1 at 4, 6.) On September 24, 2015, Mr. Kopfman's assistant sent Mr. Frye a letter to the address the firm had on file notifying him of the phone calls and counsel's need to

speak with Mr. Frye regarding his participation in the action. (*Id.* ¶ 9 & Ex. A.) The letter was sent via certified mail; Mr. Kopfman's office never received the confirmation card, and Mr. Frye never responded to the letter. (Dkt. No. 22-1 ¶ 9.) Receiving no response, on October 6, 2015 Mr. Kopfman's office sent a second certified letter to Mr. Frye at the same address. (*Id.* ¶ 10 & Ex. B.) The letter indicated that if the firm did not hear from Mr. Frye by the end of the following week—October 16, 2015—the firm "will ask the court to be relieved of the obligation to represent you on this matter." (Dkt. No. 22-1 Ex. B.) Mr. Kopfman's firm received confirmation that the recipient refused the certified letter. (*Id.* ¶ 10.) At some point thereafter, defense counsel advised Mr. Kopfman that Mr. Frye has entered a severance agreement and release outside of this litigation. (Dkt. No. 22 ¶ 5.) As a result, Mr. Kopfman advised Mr. Frye via certified mail of its intention to withdraw as his attorney in this action. (*Id.* ¶ 6.)

Mr. Frye's failure to maintain regular—or even sporadic—contact with his counsel and to cooperate in moving the litigation forward constitutes good cause for withdrawal. This case is in its early stages; the case management conference has not yet occurred, so Mr. Frye's unavailability has not yet caused the Court to delay proceedings. But it leaves his attorneys unable to move forward to prosecute his claims. And indeed, the lack of a cooperative relationship at any stage in the litigation between an attorney and his client may justify the attorney's withdrawal. *See, e.g.*, *U.A. Local 342*, 2010 WL 1293522, at *3; *McClintic v. U.S. Postal Serv.*, No. 13-cv-00439, 2014 WL 51151, at *3 (E.D. Cal. Jan. 7, 2014) (collecting cases in which a client's failure to cooperate or communicate effectively with counsel justified the attorney's motion to withdraw). However, "withdrawal is only proper if the client's interest will not be unduly prejudiced or delayed." *McClintic*, 2014 WL 51151, at *2 (citation omitted).

Here, Mr. Kopfman has taken "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client," *see* Cal. R. Prof. Conduct 3-700(A), but Mr. Frye's lack of communication has made it unreasonably difficult for Mr. Kopfman to provide effective representation. What is more, it appears that Mr. Frye already may have secured some type of relief for his claims by entering the severance agreement and release outside of this litigation. (Dkt. No. 22 ¶ 5.) Further, counsel's withdrawal will not prejudice Defendant, harm the

1  administration of justice, or unduly delay the resolution of this case.  To the contrary, the case will
2  proceed in a timely manner with Mr. Kopfman's representation of other named plaintiffs, starting
3  with the Case Management Conference on December 3, 2015.

## CONCLUSION

For the reasons described above, the Court GRANTS Counsel's motion to withdraw.   The Clerk shall amend the docket to indicate that Frye is proceeding pro se.  His last-available address is 5494 Cooper Court, Riverbank, California 95367.

As Plaintiff is now proceeding pro se, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at *http://cand.uscourts.gov/proselitigants*.  Plaintiff may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)-782-8982, for free assistance regarding his claims.

**IT IS SO ORDERED.**

Dated:  November 23, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge