WAGNER, JONES, KOPFMAN & ARTENIAN LLP
Daniel M. Kopfman, # 192191
Nicholas J.P. Wagner #109455
Andrew B. Jones #076915
Lawrence M. Artenian #103367
Angela E. Martinez #297169
1111 E. Herndon, Ste. 317
Fresno, CA  93720
Telephone:  559-449-1800
Facsimile:  559-449-0749

Attorneys for Plaintiffs, DANIEL ACOSTA, JOSE HERNANDEZ, DENNIS EASLEY, AND ORLANDO CASTILLO

SHEPPARD MULLIN RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
SAMANTHA D. HARDY, Cal. Bar No. 199125
HALI M. ANDERSON, Cal. Bar No. 261816
ASHLEY T. HIRANO, Cal. Bar No. 265282
DANIEL F. DE LA CRUZ, Cal. Bar No. 292537
501 West Broadway, 19th Floor
San Diego, California  92101-3598
Telephone:   619-338-6500
Facsimile:   619-234-3815
shardy@sheppardmullin.com
handerson@sheppardmullin.com
ahirano@sheppardmullin.com
ddelacruz@sheppardmullin.com

Attorneys for Defendants FRITO-LAY, INC.; FL TRANSPORTATION INC.; and PEPSICO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ACOSTA, GREG FRYE, JOSE HERNANDEZ, AND DENNIS EASLEY<br><br>Plaintiffs,<br><br>v.<br><br>FRITO-LAY, INC., FL TRANSPORTATION INC., PEPSICO, INC., and DOES 1-1000, inclusive,<br><br>Defendants. | Case No.  15-cv-02128-JCS<br><br>**STIPULATED AND [PROPOSED] LIMITED PROTECTIVE ORDER GOVERNING PRODUCTION OF CLASS CONTACT INFORMATION**<br><br>Hon. Jacqueline Scott Corley<br><br>Trial Date: None set.<br>(First Amended Complaint Filed March 5, 2015) |

Plaintiffs Daniel Acosta, Jose Hernandez, Dennis Easley and Orlando Castillo ("Plaintiffs") and Defendants Frito-Lay, Inc., Frito-Lay Transportation Inc., and PepsiCo, Inc. ("Defendants"), together, the "Parties," hereby stipulate as follows:

1. <u>PURPOSES AND LIMITATIONS</u>

In Plaintiffs' Special Interrogatories, Set One, served on August 4, 2016, Plaintiffs requested that Defendants provide the name, address and telephone number of putative class members. Defendants objected to this request on the grounds it violated the privacy of class members pre-certification. Plaintiffs responded, claiming this information will aid in their investigation regarding Plaintiffs' allegations against Defendants. Defendants offered to compromise by permitting the putative class members to affirmatively opt-out of being contacted through a process such as *Belaire-West*. Plaintiffs declined, and demanded the direct production of the class list. After meeting and conferring, Defendants agreed to produce a list that includes this information directly to Plaintiffs' counsel ("Class List"). Accordingly, in order to protect this particular information, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under this specific Stipulated Order. The Parties further acknowledge that this Stipulation covers only the treatment of the class contact information requested by Plaintiffs and furnished by Defendants, and, should issues arise with respect to other confidential information, the Parties shall stipulate to a separate protective order that shall govern those documents.

2. <u>DEFINITIONS</u>

2.1 <u>Class Contact Information</u>: A list that contains the names, addresses and phone numbers of those individuals who fall within the putative class definition in this matter. The putative class is defined as all persons employed by Defendants in the state of

California between February 25, 2011, to the present in the position of "over-the-road" or "long-haul" truck driver, or equivalent position as the named Plaintiffs, however titled.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

2.3     <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.5     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel of Record (and their support staff).

3. SCOPE

The protections conferred by this Stipulation and Order govern the production of the Class Contact Information (as defined above).

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Defendants agree otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. ACCESS TO AND USE OF CLASS CONTACT INFORMATION

5.1     <u>Basic Principles</u>. Plaintiffs may use Class Contact Information in connection with this case only for prosecuting, defending, or attempting bilaterally or through a mediator to settle this litigation. Such Class Contact Information may be disclosed only to

Counsel and under the conditions described in this Order. When the litigation has been terminated, via dismissal or judgment or any other disposition, a Receiving Party must comply with the provisions of Section 8 below (FINAL DISPOSITION).

    5.2    Class Contact Information must be stored and maintained by Plaintiffs at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    5.3    <u>Disclosure of Class Contact Information</u>. Unless otherwise ordered by the court or permitted in writing by Defendants, Plaintiffs may disclose Class Contact Information only to:

    (a)    Plaintiffs' Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    (b)    Experts (as defined in this Order) of Plaintiffs to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c)    the court and its personnel;

    (d)    court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (e)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Class Contact Information must be separately bound by the court reporter and may not he disclosed to anyone except as permitted under this Stipulated Protective Order; and

        (f)    the author or ordinary course recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information in the ordinary course.

    5.4    <u>Use of Information Contained in Class Contact Information.</u>

        (a)    The Class Contact Information that will be provided to Plaintiffs' counsel by Defendants upon entry of this Order will contain the names, addresses and telephone numbers of putative class members. The Parties hereby agree that this information is rightfully designated as "CONFIDENTIAL".

        (b)    Initial communications by Plaintiffs with potential prospective class members must make clear that each putative class member contacted by Plaintiffs has the right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiffs' counsel will terminate the contact and not contact them again.  Initial communications must make clear that Defendants were compelled to disclose their employees' information by Court Order and communicate the confidential nature of this disclosure.

        (c)    Class Contact Information shall be used solely for the purposes of this Action, and shall not be used in any other fashion or for any other purpose, including, but not limited to, the solicitation of clients, the advertising of legal services, or any use not related to the litigation and/or settlement of this Action.

6.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If Plaintiffs learn that, by inadvertence or otherwise, they have disclosed Class Contact Information to any person or in any circumstance not authorized under this Stipulated Protective Order, Plaintiffs must immediately (a) notify in writing Defendants of the unauthorized disclosures, (b) use their best efforts to retrieve all unauthorized copies of the Class Contact Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

7.  MISCELLANEOUS

   7.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

   7.2  Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

   7.3  Filing, Protected Material. Without written permission from Defendants or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Class Contact Information. A Party that seeks to file under seal any Class Contact Information must comply with Civil Local Rule 79-5. Class Contact Information may only be filed under seal pursuant to a court order authorizing the sealing of the Class Contact Information. Pursuant to Civil Local Rule 79-5, a sealing order will be issued only upon a request establishing, that the Class Contact Information at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If Plaintiffs' request to file Class Contact Information under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then Plaintiffs may file the Class Contact Information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

8.  FINAL DISPOSITION

   Within 60 days after the final disposition of this action, as defined in Section 4, Plaintiffs must return the Class Contact Information to Defendants or destroy such material. As used in this subdivision, "Class Contact Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Class Contact Information. Whether the Class Contact Information is returned or destroyed, Plaintiffs must submit a written certification to Defendants by the 60-day deadline that (1) identifies the Class Contact Information that was returned or destroyed

1  and (2) affirms that Plaintiffs have not retained any copies, abstracts, compilations,
2  summaries or any other format reproducing or capturing any of the Class Contact
3  Information. Notwithstanding this provision, Counsel are entitled to retain an archival
4  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
5  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work
6  product, and consultant and expert work product, even if such materials contain Class
7  Contact Information. Any such archival copies that contain or constitute Protected Material
8  remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED.

Dated: February 24, 2017

WAGNER, JONES, KOPFMAN & ARTENIAN LLP

By   */s/ Daniel M. Kopfman*
DANIEL M. KOPFMAN
Attorneys for Plaintiffs

Dated: February 24, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Ashley T. Hirano*
SAMANTHA D. HARDY
HALI M. ANDERSON
ASHLEY T. HIRANO
DANIEL F. DE LA CRUZ
Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated _____, 2017

THE HONORABLE JACQUELINE SCOTT CORLEY
UNITED STATES DISTRICT JUDGE

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory above.

Dated:  February 24, 2017     By:      /s/ Ashley T. Hirano

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Acosta, et al. v. Frito-Lay, Inc.. et al.*, Case No. 15-02128 JSC MED.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose or use in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity for any purpose except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____